UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA TELL,

       Plaintiff,                                 Civil Action No.
                                                       11-CV-15071

vs.

                                                       HON. MARK A. GOLDSMITH

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT WITH THIS OPINION AND ORDER, (2) OVERRULING DEFENDANT'S OBJECTIONS, (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND (4) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      This is a social security case.  Plaintiff Angela Tell appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability insurance benefits.  The matter was referred to Magistrate Judge Laurie J. Michelson for all pretrial proceedings.  The parties filed cross motions for summary judgment.  On July 13, 2012, Magistrate Judge Michelson issued a Report and Recommendation ("R&R"), recommending that the Commissioner's motion be denied, that Plaintiff's motion be granted in part, and that the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g).  Defendant has filed objections to the R&R; Plaintiff has not filed objections, and the time to do so has expired.  The matter is now ready for decision.  The Court reviews de novo those portions of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1

The background and procedural history of this case has been adequately summarized by the Magistrate Judge and need not be repeated here. In her motion papers, Plaintiff argues that remand is appropriate for essentially five reasons:

(1) The ALJ did not adequately explain his decision to discount Plaintiff's credibility;

(2) The ALJ ignored certain medical records;

(3) The ALJ erred in finding that Plaintiff's HIV-positive status was not a severe impairment;

(4) The ALJ violated the treating-source rule;

(5) The ALJ's residual functional capacity assessment is not supported by substantial evidence.

The Magistrate Judge, in her R&R, rejected arguments (2) – (5), but found argument (1) persuasive and recommended remand pursuant to sentence four of 42 U.S.C. § 405(g) on that basis. As noted, Plaintiff has not filed objections to the R&R; thus, she has waived any further right to contest the Magistrate Judge's conclusions on arguments (2) – (5).

Upon de novo review of argument (1), the Court agrees with the Magistrate Judge, over Defendant's objections, that the ALJ did not adequately explain his decision to discount Plaintiff's credibility – an error warranting remand under sentence four of 42 U.S.C. § 405(g). Defendant objects to this conclusion, arguing that the ALJ adequately explained his credibility determination and, in any event, any error in explaining his credibility determination is harmless in light of the Magistrate Judge's recommended disposition of Plaintiff's other arguments.

As summarized by the Sixth Circuit, the following legal standards govern an ALJ's credibility determination:

> It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant. However, the ALJ is not free to make credibility determinations based solely upon an "intangible or intuitive notion

2

> about an individual's credibility." Rather, such determinations must find support in the record. Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record." The entire case record includes any medical signs and lab findings, the claimant's own complaints of symptoms, any information provided by the treating physicians and others, as well as any other relevant evidence contained in the record. Consistency of the various pieces of information contained in the record should be scrutinized. Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect.
>
> Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence.

Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247-48 (6th Cir. 2007) (citations and footnote omitted).

In the present case, the ALJ did a thorough job of summarizing Plaintiff's medical history since her alleged onset date, including discussion of: (i) each instance of significant medical treatment, (ii) compliance with prescribed medications, (iii) diagnoses, (iv) symptoms about which Plaintiff complained, (v) the results of objective medical tests, and (vi) activities of daily living. See A.R. 17-19. However, the critical problem with the ALJ's analysis is that, after his summary of Plaintiff's medical history, he impermissibly jumps to the conclusion that "[t]he claimant's testimony is not well supported by the objective medical evidence in the record and therefore not entitled to significant weight," A.R. 19, without discussing the exact basis underlying his conclusion. Therefore, the ALJ's credibility determination is not in compliance with the above-quoted excerpt from Rogers, which interprets 20 C.F.R. § 404.1529 and Social Security

Ruling 96-7p.  In particular, the ALJ should have – but did not – discuss the degree to which Plaintiff's complaints regarding the persistence and intensity of her symptoms are consistent with the remainder of the record.  Moreover, the Court notes that the ALJ did not mention Plaintiff's testimony to the effect that she can only stand for five to ten minutes, walk for a half a block, and lift a couple pounds.  See A.R. 45.  The ALJ was required to either give good reasons, based on the record, for discounting this testimony, or include the limitations in the RFC assessment and in the hypothetical question posed to the vocational expert.  He did neither.[1]  For all these reasons, the Court rejects Defendant's argument that the ALJ properly supported his decision to discount Plaintiff's credibility.

The Court also rejects Defendant's position that the ALJ's noncompliance with 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p constitutes harmless error.  If the ALJ determines, on remand, that substantial evidence does not support a finding discrediting Plaintiff's testimony, a new RFC assessment and hypothetical question incorporating the full extent of Plaintiff's claimed symptoms would be necessary.  The error is not harmless.

For the reasons stated above, the R&R is accepted and adopted insofar as it is consistent with this opinion, Defendant's objections to the R&R (Dkt. 14) are overruled, Defendant's motion for summary judgment (Dkt. 12) is denied, Plaintiff's motion for summary judgment (Dkt. 9) is granted in part, and the matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion and order.

---

[1] The ALJ found that Plaintiff has "the residual functional capacity to perform a full range of work at all exertional levels."  A.R. 16.  This conclusion is impermissible, unless the ALJ gives good reasons for discounting Plaintiff's testimony that she cannot stand for longer than five to ten minutes, walk more than a half a block, or lift more than a couple of pounds.  Again, the ALJ has not done so.

SO ORDERED.

Dated: August 16, 2012  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager